IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| DEBRA RODGERS and DUSTIN VENTIMIGLIA, | ) |
|---|---|
| Plaintiffs, | ) |
| vs. | ) CIVIL NO. 11-551-GPM |
| JOHNSON & JOHNSON, ORTHO-McNEIL PHARMACEUTICAL, INC., JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH & DEVELOPMENT, LLC, and WALGREEN COMPANY, | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This case is before the Court sua sponte on a procedural defect in removal. Plaintiffs Debra Rodgers and Dustin Ventimiglia bring this action for personal injuries allegedly caused by the prescription drug Levaquin. Named as Defendants are Johnson & Johnson ("J & J"), Ortho-McNeil Pharmaceutical, Inc. ("Ortho-McNeil"), and Johnson & Johnson Pharmaceutical Research & Development, LLC ("J & J Pharmaceutical"), the manufacturers of Levaquin, together with Defendant Walgreen Company ("Walgreens"), which is alleged to have distributed Levaquin. Rodgers and Ventimiglia assert claims for strict products liability, negligence, breach of implied and express warranties, fraud, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, and unjust enrichment against J & J, Ortho-McNeil, and J & J Pharmaceutical. Additionally, Rodgers and Ventimiglia assert claims for breach of warranty, strict products liability, and negligence against Walgreens. This case was filed originally in the

Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, and comes to this Court on removal. J & J, Ortho-McNeil, and J & J Pharmaceutical, the removing parties, assert federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, which grants federal courts jurisdiction over suits in which there is complete diversity of citizenship, that is, no plaintiff is a citizen of the same state as any defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).

In this case, it appears that a sum in excess of $75,000, exclusive of interest and costs, is in controversy, given that Rodgers and Ventimiglia allege severe and permanent physical injuries. *See Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (holding that diversity jurisdiction was proper where the plaintiff's complaint sought damages "in excess of $50,000" and alleged "severe and permanent" injuries); *Baker v. Johnson & Johnson*, 709 F. Supp. 2d 677, 684 (S.D. Ill. 2010) (finding the jurisdictional amount in controversy to be satisfied where a plaintiff alleged "severe and permanent personal injuries as a result of taking Levaquin"); *Colon v. SmithKline Beecham Corp.*, Civil No. 09-1073-GPM, 2010 WL 46523, at *2 (S.D. Ill. Jan. 5, 2010) ("[T]his Court routinely finds the amount in controversy to be satisfied in cases where plaintiffs allege severe and permanent personal injuries[.]") (quotation omitted) (collecting cases). However, diversity of citizenship is not complete. J & J is a corporation incorporated under New Jersey law with its principal place of business in New Jersey and thus is a citizen of New Jersey for purposes of diversity jurisdiction; Ortho-McNeil is a corporation

incorporated under Pennsylvania law with its principal place of business in New Jersey and thus is a citizen of Pennsylvania and New Jersey. *See* 28 U.S.C. § 1332(c)(1) (for diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it maintains its principal place of business). J & J Pharmaceutical is a limited liability company ("LLC") the sole member of which is Centocor Research & Development, Inc., a corporation incorporated under Pennsylvania law with its principal place of business in Pennsylvania, so that J & J Pharmaceutical is a citizen of Pennsylvania. *See Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006) (the citizenship of an LLC for diversity purposes is the citizenship of each of the LLC's members); *LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1039, 1040 (S.D. Ill. 2006) (same). Rodgers is a citizen of South Carolina. Ventimiglia is a citizen of Illinois, as is Walgreens, a corporation incorporated under Illinois law with its principal place of business in Illinois. J & J, Ortho-McNeil, and J & J Pharmaceutical contend that Walgreens has been fraudulently joined to defeat diversity jurisdiction, so that the Court can disregard Walgreens's citizenship for jurisdictional purposes. *See Brooks v. Merck & Co.*, 443 F. Supp. 2d 994, 998 (S.D. Ill. 2006) (when a defendant has been fraudulently joined to defeat diversity jurisdiction, meaning that there has been outright fraud in a plaintiff's pleading of jurisdictional facts or there is no possibility that the plaintiff can establish a cause of action against the diversity-defeating defendant in state court, a court must disregard the citizenship of the fraudulently-joined party).

In this instance the Court is concerned less with the absence of complete diversity of citizenship than with the timeliness of the removal of this case. Under 28 U.S.C. § 1446, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading,

motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable[.]" 28 U.S.C. § 1446(b). In this case, the "order or other paper" J & J, Ortho-McNeil, and J & J Pharmaceutical claim first showed them that this case is removable is the recent decision of the United States Court of Appeals for the Seventh Circuit in *Walton v. Bayer Corp.*, No. 10–3462, 2011 WL 1938428 (7th Cir. May 23, 2011), in which the Seventh Circuit Court of Appeals found a pharmacy defendant to have been fraudulently joined to defeat diversity under circumstances similar to the circumstances of this case. The Seventh Circuit Court of Appeals specifically has held that an "order or other paper" for purposes of Section 1446(b) means a document generated within a case as to which removal is sought, not documents from other cases. "Th[e] language of section 1446(b) of the Judicial Code refers . . . to pleadings, etc., filed in the suit sought to be removed, not in some other suit[.]" *Wisconsin v. Amgen, Inc.*, 516 F.3d 530, 533 (7th Cir. 2008) (a complaint filed in federal court was not "other paper" authorizing removal of a separate action) (collecting cases). A judicial decision in a case separate from a case sought to be removed may be deemed to be an "order or other paper" for removal purposes "if the decision 'came from a court superior in the same judicial hierarchy, was directed at a particular defendant and expressly authorized that same defendant to remove an action against it in another case involving similar facts and legal issues.'" *Dudley v. Putnam Int'l Equity Fund*, Civil No. 10-328-GPM, 2010 WL 1838255, at *3 (S.D. Ill. May 5, 2010) (quoting *Doe v. American Red Cross*, 14 F.3d 196, 203 (3d Cir. 1993)). In this case, of course, J & J, Ortho-McNeil, and J & J Pharmaceutical were not parties to *Walton*, nor does the *Walton* decision expressly authorize them to remove suits against them. In the absence of an order or other paper authorizing removal, the removal of this case is untimely.

Failure to effect timely removal under 28 U.S.C. § 1446(b) is a procedural defect in removal, not a jurisdictional one, and it is waived unless raised by a plaintiff within thirty days of the date of removal. *See* 28 U.S.C. § 1447(c); *Fields v. Jay Henges Enters., Inc.*, Civil No. 06-323-GPM, 2006 WL 1875457, at *2 (S.D. Ill. June 30, 2006). The Seventh Circuit Court of Appeals encourages district judges to notice procedural defects in removal sua sponte. "District judges who look carefully at newly filed or removed cases, and identify potential defects in their institution or removal, do both the parties and the legal system a great service." *In re Continental Cas. Co.*, 29 F.3d 292, 295 (7th Cir. 1994). Correspondingly, in *Continental Casualty* the Seventh Circuit Court of Appeals held that a district court, upon noticing a procedural defect in removal, "should alert the parties" to the defect, so that a plaintiff can make an informed decision about whether to seek remand to state court on the basis of the procedural defect in removal or, in the alternative, to waive the procedural defect and remain in federal court. *Id*. *See also Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4225654, at *3 (S.D. Ill. Nov. 13, 2007) (citing *Continental Cas.*, 29 F.3d at 294-95) (noticing sua sponte a defect in removal procedure "so that plaintiffs can make an informed decision about whether to remain in federal court"); *Bullock v. Humana Health Care Plans, Inc.*, 988 F. Supp. 1123, 1124-25 (N.D. Ill. 1997) (noticing sua sponte a procedural defect in the removal of an action from state court, and ordering the parties to file within seven days of the date of the order: on behalf of the plaintiff, either a motion for remand on the basis of the procedural defect in the removal of the case or a statement that the defect was waived; and on behalf of the removing defendant, any explanation it might have for the procedural defect in the removal). Consistent with the procedure recommended by the Seventh Circuit Court of Appeals in *Continental Casualty*, having noticed a procedural defect in the removal of this action, specifically, the

untimeliness of the removal under Section 1446(b), the Court will take appropriate action to ascertain whether Rodgers and Ventimiglia intend to waive this defect in removal and acquiesce in federal jurisdiction, or whether Rodgers and Ventimiglia prefer instead to seek remand to state court on the basis of the defect.

To conclude, it is hereby **ORDERED** that no later than Friday, July 1, 2011, at 12:00 noon Rodgers and Ventimiglia shall file either: a motion for remand of this case to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, pursuant to 28 U.S.C. § 1447(c) by reason of the procedural defect in the removal of this case addressed in this Order, to wit, the untimeliness of the removal under 28 U.S.C. § 1446(b), together with any other grounds for remand they may wish to assert; or a written consent to the removal. No later than Friday, July 1, 2011, at 12:00 noon J & J, Ortho-McNeil, and J & J Pharmaceutical shall file any explanation they may have for the procedural defect in the removal of this case discussed in this Order. The parties' submissions should not exceed twenty (20) pages in length.

**IT IS SO ORDERED.**

DATED: June 24, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge